*Guthrie* for appellant ; *Thruston & Pope and Pirtle & Speed* for appellees.

McINTOSH
vs
MATHERLY.

---

# McIntosh vs Matherly.

### ERROR TO THE ESTILL CIRCUIT.

## *Libel. Slander.*

CASE.

Case 38.

JUDGE SIMPSON delivered the opinion of the Court.

THIS was a suit of slander for the publication of a libel. The plaintiff read on the trial, a letter written to him by the defendant, and proved the previous existence of a bad state of feeling between the parties. This being all the evidence, the Court, at the instance of the defendant, instructed the jury to find as in the case of a non-suit. A verdict having been returned in conformity with the instructions of the Court, and a motion for a new trial overruled, a judgment was ren-

January 9.

Case stated.

BLACKABY'S AD.
vs
SARTIN, &c.

dered for the defendant, from which the plaintiff has prosecuted this writ of error..

We are inclined to the opinion that the letter is of a libellous character. But as the instruction of the Court was correct upon another ground, we do not deem it necessary to decide this question.

There was no evidence of a publication. An action on the case cannot be maintained for the slanderous contents of a letter delivered to the party himself, and not exhibited, or its contents made known to a third person. The injury to the plaintiff's character in public estimation, is the basis of the action. If the slander is not published or made known to others, his character cannot be affected by it, and a suit of slander for the private injury cannot be maintained: (1 *Caine's Rep.* 582;) (2 *Starkie on Evidence*, 844.)

*No action can be maintained for libellous or slanderous words contained in a letter delivered to the party unless it be exhibited, or its contents made known to third persons. (1 Caine's Rep., 582; 2 Starkie's Ev., 844.)*

A different doctrine prevails in prosecutions for a libel. Such a publication would be sufficient to sustain an indictment on the ground of its tendency to produce a breach of the peace. But sending a letter to the plaintiff would not have the effect of disparaging him in the eyes of the world, who were ignorant of its publication; and therefore, although it might excite to the commission of a public wrong, and for that reason, subject the writer to a prosecution, is insufficient to sustain an action for a private injury.

*Libellous matter contained in a letter is good ground for a prosecution for libel, as it tends to a breach of the peace.*

Wherefore, the judgment is affirmed.

*Noland* for plaintiff; *G. Smith* for defendant.