Hargan v. Purdy.

CASE 76—PETITION ORDINARY—OCTOBER 22.

# Hargan v. Purdy.

### APPEAL FROM LYON CIRCUIT COURT.

1. JOINDER OF ACTIONS.—Causes of action for slander and libel may be united in the same action.

2. SLANDER.—Defamatory words, either spoken or written, of a person in respect to his office or employment, as to say of a physician that "he is an empiric" or "a quack," are actionable *per se.*

3. SAME—PLEADING.—In an action of slander brought by a physician to recover damages for defamatory words spoken of him in respect to his profession, if, instead of simply alleging in his petition that he was duly and legally authorized to practice medicine, he undertakes to state how and by what authority he was entitled to practice as a physician, and from the facts stated it appears that he was undertaking to practice medicine in violation of the statute of the State, he will not be heard to complain, and his petition should be held bad on demurrer.

4. SAME—AUTHORITY TO PRACTICE MEDICINE.—The mere fact of a person being registered by a county court clerk in the "Medical Register" is not conclusive evidence of his authority to practice medicine in this State. The authenticity and validity of his pretended diploma, or the verity and sufficiency of the facts stated in his affidavit as to the length of time he has practiced medicine, may be called in question.

5. SAME.—Merely practicing medicine for ten or any number of years since the passage of the Act of 1874, prescribing the qualifications of physicians, does not confer authority to practice. It is only persons who had been practicing medicine for ten years when that act was passed that can be deemed to have complied with its provisions within the meaning of its second section.

T. J. WATKINS FOR APPELLANT.

1. Ten years' regular and honorable practice of medicine subsequent to the Act of 1874 comes as fully up to the standard of qualification fixed by the act as ten years' practice prior to its approval. (Act of February 23, 1874, Gen. Stats., ed. of 1887, p. 1006; Amendment of April 25, 1888, Acts 1887-8, vol. 1, p. 97.)

Statutes should be construed not according to the letter, but according to the spirit and meaning. (Bailie v. Commonwealth, 11 Bush, 688; Williams v. Commonwealth, 78 Ky., 93; Fulton v. Short Route Railway Transfer Co., 85 Ky., 648.)

Hargan v. Purdy.

2. Each paragraph of the petition states a cause of action. (Hanning v. Bassett, 12 Bush, 361; 1 Chitty on Pleading, 403, 406 and 407; 1 Hilliard on Torts, 298, 311, 333 and 338.)

F. W. DARBY for appellee.

To authorize a physician to practice medicine in this State without a diploma he must have been engaged in regular and honorable practice for ten years prior to Act of 1874. Ten years' practice subsequent to the act does not satisfy the requirements of the statute. (Act of February 23, 1874, Gen. Stats., p. 1006; Amendment of April 25, 1888, Acts 1887-8; Amendment of May 24, 1890, Acts 1889-90.)

JUDGE LEWIS delivered the opinion of the court.

Appellant brought this action to recover of appellee damages for uttering and publishing concerning him, about July 1, 1890, the following words : "Have nothing to do with him, he is no doctor, nothing but a traveling quack, knows nothing about medicine and but little about anything else." There is also stated, or attempted to be stated, in the petition, a cause of action for libel on account of alleged printing and publishing in a newspaper substantially the same words.

A motion was made by appellee requiring appellant to elect which cause of action he would prosecute. But, though not passed on by the lower court, that motion ought not to have prevailed, because section 83, Civil Code, expressly provides that several causes of action for injuries to character may be united and prosecuted in the same kind of action. A general demurrer was also filed and sustained, dismissal of the action following.

As defamatory words, either spoken or written, of a person in respect to his office or employment, as to say of a physician "he is an empiric" or "a quack," are actionable *per se*, the petition would have contained, *prima facie*, a cause of action if appellant had been contented

to state the simple fact that he was a regular physician duly and legally authorized to practice that profession, and being so employed the words mentioned were spoken of him. But he undertook to state how and by what authority he was entitled to practice as a physician; and thus is presented the question, to be considered on general demurrer, whether he was, at the time the alleged slanderous words were published, legally authorized to practice the medical profession. For if he was then undertaking to practice medicine in violation of the statute of the State, he could not, in contemplation of law, have been injured or sustained damage from being called an empiric or quack; or, at all events, he could not be heard in a court of justice to complain that words had been spoken or written of him having the simple effect to disable or deter him from violating a penal law.

It is stated in his petition that he had been regularly engaged in the practice of medicine for more than ten years prior to June 23, 1890, on which day he made and exhibited to the clerk of Lyon County Court his affidavit, and caused the clerk to register his authority to practice medicine under the laws of this Commonwealth. In the affidavit mentioned, which is filed with the petition, it is substantially stated that he had been regularly engaged in the practice of medicine for twenty years next before June 23, 1890; that he had attended one course of lectures at Kentucky School of Medicine and part of a course at Louisville University, but did not matriculate in either; and makes the affidavit to show ten years' practice, to enable him to register as required by law, having never obtained a diploma from a school of medicine.

Whether he was legally authorized to practice medicine according to the facts stated in that affidavit, which are on this appeal to be taken as true, depends upon proper construction of the statutes of this State on the subject.

February 23, 1874, "An Act to protect citizens of this Commonwealth from empiricism" was passed by the Legislature, by the first section of which it was made unlawful for any person, for reward or compensation, within this State, to practice medicine in any of its departments, who has not graduated at some chartered school of medicine in this or some foreign country, or who can not produce a certificate of qualification from some one of the Board of Examiners provided for in the act, and is not a person of good moral character.

Section 2 of that act is as follows : "Any person who has been regularly and honorably engaged in the practice of medicine, or any of its departments, for ten years shall be deemed to have complied with the provisions of this act. Any person having been so engaged for five years shall be allowed one year in which to comply with said provisions."

By sections 3, 4, 5, 6 and 7 of the act provision was made for appointment by the Governor of five physicians of learning and ability in each judicial district of the State to constitute " The Board of Medical Examiners," with power to examine all applicants who desire to practice medicine in any of its departments, and grant to such of those found upon examination to possess a fair, practical knowledge of the various branches of medical science enumerated in the act a certificate of qualification, signed by at least three members of the board,

entitling the holder to practice all the branches named in the certificate anywhere in the district of such board, or district adjoining it.

But, April 25, 1888, an act was passed amending the act of 1874 by repealing those sections creating "The Board of Medical Examiners" and authorizing an examination of applicants and certificate of qualification. And instead thereof it was provided by section 3 of the Act of 1888 that thereafter authority to practice medicine in this State shall be—

*First,* A diploma from a medical school legally chartered under laws of this State; or,

*Second,* A diploma from a reputable and legally chartered medical school of some other State or country; or,

*Third,* An affidavit from the person claiming the same that such person is exempt from obtaining a diploma under section 2 of the Act of 1874, and stating where he has practiced.

By section 1 of the Act of 1888 it was made the duty of the county clerk of each county to purchase a book of suitable size, to be known as the "Medical Register" of the county, and to set apart one full page for the registration of each physician. And by section 2 it is made unlawful for any person to practice medicine in any of its branches in this State who has not exhibited and registered in the county clerk's office his authority for so practicing. But it is clear the Legislature did not intend the mere fact of a person being registered by a county court clerk in the "Medical Register" to be conclusive evidence of his having authority to practice medicine in this State by reason of either a diploma or compliance with section 2 of the Act of 1874. For the authenticity and

validity of a pretended diploma, as well as the verity and sufficiency of the facts stated in his affidavit as to length of time any such person has practiced medicine, may be called in question. Therefore, whether appellant was legally entitled to register depends upon the intended meaning of section 2, Act of 1874.

According to the statement of his affidavit he had not been practicing for ten years when the Act of 1874 was passed, consequently he can not, in the language there used, " be deemed to have complied with the provisions of this [that] act." Nor had he then been practicing for even five years. The only inquiry is then, whether merely practicing for ten or any number of years subsequent to passage of that act without having obtained a diploma or certificate from the " Board of Medical Examiners," as authorized thereby, or obtained such diploma under the Act of 1888, he is legally authorized to practice medicine. We need not, however, discuss that question, because it has already, at the present term, been decided adversely to the contention of appellant in two cases heard together: Driscoll v. Commonwealth and Commonwealth v. Rice, 93 Ky., 393.

We think appellant was not legally authorized to practice medicine in this State when the alleged slanderous words were published, and as a legal sequence has no cause of action therefor.

Judgment affirmed.