CASE 14—ACTION BY MORRIS FRED AGAINST W. H. TRAYLOR FOR SLAN-
DER—MARCH 10.

# Fred v. Traylor.

APPEAL FROM LINCOLN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

SLANDER—WORDS ACTIONABLE PER SE—SEPARATE SLANDERS IN SAME
PETITION—ELECTION—PEREMPTORY INSTRUCTION.

Held: 1. Defendant, a miller, asked a customer what he wanted for
his wheat, and, on the latter's replying that he would not price
it until he had seen plaintiff, also a miller, to whom he had
given the refusal of it, defendant said, "Well, you won't want to
price it to him but once, if he beats you out of as much as he
beat me out of. He just beat me out of $1,100 in three months."
HELD, that the words were actionable *per se*.

2. Under Code, section 83, providing that "several causes of action
may be united if each affect all the parties to the action, may
be brought in the same county, and may be prosecuted by the
same kind of action; and if all of them be brought *   *   *
for injuries to character," plaintiff may sue in one action and
recover for slanderous statements made by defendant to two
different parties at different times.

J. B. PAXTON AND ROBT. HARDING, FOR APPELLANT.

## POINTS AND AUTHORITIES.

1. Words spoken of a person respecting his occupation, that
damage or tend to damage him, are actionable *per se*. Lawson
on Rights & Remedies, vol, 3, secs. 1245, 1248-9 and 1257;
Cooley on Torts, pp. 229, 236; Hargen v. Purdy, 93 Ky., 424.

2. Imputations of insolvency or dishonesty against a person in
an occupation, are actionable *per se*, though he may have a dif-
ferent occupation when the words are spoken. Lawson R. R.,
sec. 1257; Price v. Conway, 8 L. R. A., 194, and notes; Hays v.
Press Co., 5 L. R. A., (notes) 643.

W. G. WELCH, FOR APPELLEE.

In the determination of this case it will be necessary to con-
sider only one question: Was the peremptory instruction to
find for the defendant given by the court, proper or erroneous?

Fred v. Traylor.

Under the well settled law of slander, spoken words are defamatory and actionable in only four cases:

1. Where they charge plaintiff with the commission of an indictable offense.

2. Where they impute to him some loathsome disease.

3. Where they are uttered of him in respect of his office profession or trade.

4. Where, imputing to him simply as a man, fraud, dishonesty or dishonorable (but not criminal) conduct, they have caused, as a natural and necessary result, some pecuniary loss, in a word some special damage.

In the first three cases the words are actionable *per se*, because the law presumes injury from their utterance.

In the fourth case they are only actionable when and because they have produced some special injury, which must of course be specifically pleaded and proven.

Our contention is, that the words alleged to have been spoken in this case, do not, on their face, import any charge against the plaintiff as a miller, and therefore in order to make them so, the colloquium charges that defendant had employed plaintiff to see and exchange flour for him for three months, beginning in October, 1900, and the innuendo charges that the words spoken *meant* that plaintiff had swindled defendant out of $1,100 "during his employment aforesaid."

There is no evidence in this case except the plaintiff. He states explicitly that for the months of October, November and December, 1900, he was in the employ of Traylor to open a shop in the town of Stanford, and sell or exchange the products of Traylor's mill for wages and a commission, and that he had no other employment.

Nothing seems clearer than that the words are shown by plaintiff himself to have been spoken of him not as a miller but as a man, as an employe and servant of defendant, and are, therefore, not actionable at all, unless they have occasioned special damage which is not alleged nor proven.

The case was properly taken from the jury because there was nothing to submit. The plaintiff had sworn himself out of court.

### AUTHORITIES CITED.

Odgers on Libel & Slander, star pages 53, 82, 313, 314, 315, 65, 541; Am. & Eng. Ency. Law, 2d ed., vols. 18, 1088, 944; Jesse v. Shuck, 11 Rep., 463; Mills v. Taylor, 3 Bibb, 470-71; Caldwell v. Abbey, Hardin, 539.

Fred v. Traylor.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellant and appellee are both millers in Lincoln county. Appellant filed this suit against appellee to recover damages for slander, charging that the latter had said of him as a miller to one of his customers, falsely and maliciously, and for the purpose of injuring him in his business as such, the following: "Dudderar, what do you want for your wheat?" Dudderar answered, "I won't price it until I see Fred (appellant), as I have given him the refusal of it." Appellee replied: "Well, you won't want to price it to Fred but once, if he beats you out of as much as he beat me out of. He just beat me out of $1,100 in three months." Appellee in one paragraph of the answer denied that the words were spoken of the plaintiff as miller, and in the other paragraph he alleged the truth of the words. On the trial, at the conclusion of the evidence for the plaintiff, the court instructed the jury peremptorily to find for the defendant. This instruction was given on the ground that, although it appeared from the evidence that appellant had been for many years a miller, in the year 1900 for three months he kept an exchange in the town of Stanford in the employ of appellee, at which he exchanged flour and meal for wheat and corn, and sold the products of the mill for cash, and the $1,100 transaction referred to occurred while he was so engaged. After this, however, he rented a mill, and was engaged in business as a miller when the words complained of were spoken. The petition did not sufficiently allege special damages, and so the only question in the case is were the words actionable *per se.*

It is urged in support of the judgment that the vital fact that the words were spoken of the plaintiff as a miller is denied, and that, his own testimony showing he was simply **running** the exchange for appellee at the time the transac-

tion referred to took place, the instruction was proper. The following authorities are relied on: "It is not enough for the plaintiff to prove his special character and that the words refer to himself. He must further prove that the words refer to himself in that special character, if they be not otherwise actionable. It is a question for the jury whether the words were spoken of the plaintiff in the way of his office, profession or trade. It is by no means necessary that the defendant should expressly name the plaintiff's office or trade at the time he spoke, if his words must necessarily affect the plaintiff's credit and reputation therein. But often words may be spoken of a professional man, which, though defamatory, in no way affect him in his profession, e. g., an imputation that an attorney has been whipped off the course at Doncaster, or that a physician had committed adultery." Odgers on Libel and Slander, star page 541. To same effect see Townshend on Slander, section 190; 18 Am. & Eng. Ency. of Law, 944. On the other hand, in the same works the law as to imputations upon traders or merchants is thus stated: "The law has special regard for the reputation of men, which they have acquired as merchants or traders, and, as will be seen more particularly hereinafter, in considering the precise nature of actionable words concerning them, any words, whether oral or written, which impute to merchants, traders, or other business men insolvency, financial difficulty, embarrassment, dishonesty, or fraud, or which in any other manner are prejudicial to them in the way of their employment or trade, are actionable *per se.*" 18 Am. & Eng. Ency. of Law, p. 954. "In those trades or professions in which, ordinarily, credit is essential to their successful prosecution, there language is actionable *per se* which imputes to any

one in any such trade or profession a want of credit or responsibility, or insolvency, past, present, or future, as to say of a tradesman, 'He is not able to pay his debts,' or 'He owes more than he is worth; he will break shortly. He is a pitiful fellow and a rogue; he compounded his debts at 5s. in the pound.'" Townshend on Slander and Libel, section 191.

In support of the texts a great number of cases are collected. There seems to be no conflict of authority on the subject. The reason for the rule is that where a man is engaged in trade his credit is the life of his business, and to destroy his credit is to ruin him. Taken as a whole, the words used by appellee, above quoted, were an imputation of present want of integrity on the part of appellant in his business as a miller. The words were spoken to a customer, who had promised his wheat to appellant. They were evidently spoken to create in his mind the belief that he might suffer by keeping his promise, and to induce him to break it. They were spoken by a rival in business. If Dudderar credited what appellee said, he would necessarily believe appellant was a miller not to be trusted. The words, "Well, you won't want to price it to him but once," imported a present condition rendering credit to him as a miller unsafe for one who extended it. It is true the condition was added, "If he beats you out of as much as he beat me out of;" but this only accentuated the imputation, for the following explanation was added, "He just beat me out of $1,100 in three months." The fair meaning of the whole, taken together, was an imputation that Dudderar would not sell his wheat to Fred but once, as he would then find out that he could not afford to. A miller buying grain and selling his products can not exist without the confidence of his customers. He must have credit, or his mill will be deserted

of trade. The words charged were spoken of the plaintiff as a miller in relation to the business he was then carrying on, as a warning to a customer not to trade with him. They necessarily touched him as miller, and were actionable, under the rule above quoted, as an imputation upon his credit and honesty. Lawson on Rights and Remedies, sec. 1257; Price v. Conway (Pa.), 8 L. R. A., 194, and notes (s. c. 19 Atl., 687, 19 Am. St. Rep., 704) ; Hayes v. Press Company (Pa.), 5 L. R. A., 543, note (s. c. 18 Atl., 331, 14 Am. St. Rep., 874).

Two separate slanders may be sued for in the same petition against the same party in second paragraph. Hargan v. Purdy, 93 Ky., 424, 14 R., 383, 20 S. W., 432. The plaintiff should not be required to elect which paragraph of his petition he will prosecute, but may sue in the one action, under section 83 of the Code and recover for the different statements made to the two different parties at different times.

Judgment reversed, and cause remanded for a new trial and further proceedings not inconsistent herewith.