## Stewart Dry Goods Company v. Heuchtker.

(Decided May 9, 1912.)

Appeal from Jefferson Circuit Court.
(Common Pleas, First Division.)

1. Corporations—Not Liable for Verbal Utterance of Subordinate Officer.—A corporation is not liable for a verbal utterance by one of its subordinate officers without its authority and not ratified by it.

2. Corporations—Verbal Utterance of Servant.—The verbal utterance of a servant of a corporation will not be regarded as the act of the corporation unless the servant has charge of the affairs of the corporation as president or the like, having authority to speak for the corporation and to authorize the speaking of such words.

H. H. NETTLEROTH, R. C. KINKEAD for appellant.

WALTER S. LAPP for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

Kate F. Heuchtker brought this suit against the Stewart Dry Goods Company alleging in her petition that John H. Hill was employed by it in the capacity of manager of the business then conducted by it, and had the general power of supervision and control of the affairs of its business; that among the duties delegated by it to Hill was the duty of detecting thefts committed by any employes and of taking such means as were necessary to apprehend the offender and secure the return of the stolen goods; that Hill, while acting in this capacity, in the interest and on behalf of the company, in the presence and hearing of divers persons, said of and concerning her these words: "Here is a stack of goods which you have stolen." The company filed an answer, controverting the allegations of the petition, and, upon final hearing, there was a verdict and judgment in favor of the plaintiff in the sum of $500. The company appeals.

Two grounds of reversal are relied upon, first, that on the evidence the court should have instructed the jury peremptorily to find for the defendant, and second, that the verdict is flagrantly against the evidence, as the weight of the evidence shows that Hill did not use the words charged. We deem it necessary to consider only the first ground.

The undisputed proof is that there is a president of the company, who has charge of its business, and under him is a superintendent, under whom Hill worked. Hill was in charge of a certain branch of the company's business, but he was not one of the company's chief officers and had not general control of the company's affairs. There was no evidence that the company authorized Hill to use the words charged, or that it approved or ratified his speaking them.

In the case of Duquesne Distributing Co. v. Greenbaum, 135 Ky., 182, we had before us the question when a corporation is liable for a verbal slander uttered by one of its agents, and, after pointing out the difference between a verbal slander and a libel, and referring to many authorities, we thus stated our conclusion in the matter:

"And so we think that when it is sought to charge the master or principal in any state of case with liability for defamatory utterances of the servant or agent, it is not sufficient to aver or prove that the servant or agent at the time was engaged in the service of the master or principal, or acting within the scope of his employment, in the ordinary use of that word. But it must be further averred and shown that the principal or master directed or authorized the agent or servant to speak the actionable words, or afterwards approved or ratified their speaking."

To the same effect are Odgers on Libel & Slander, p. 368; 18 Am. & Eng. Ency. of Law, 1059; 10 Cyc., 1216; Redditt v. Singer Mfg. Co., 124 N. C., 100; Sawyer v. R. R. Co., 142 N. C., 1; Behre v. National Cash Register Co., 100 Ga., 213; Southern Ry. v. Chambers, 126 Ga., 408; Lindsay v. St. Louis, etc., R. R. Co. (Ark.), 129 S. W., 807; Singer Sewing Mch. Co. v. Taylor, 150 Ala., 574; Kane v. Boston Mutual Life Ins. Co., 200 Mass., 265.

It is true, there is some conflict of authority on the question, but in the case above referred to, this court took the view of the question which is in accord with the weight of authority, and we adhere to the conclusion we then reached. In some of the cases in which the contrary view has been announced the person speaking the words was the alter ego of the corporation; and in the case of the president of the corporation, or some like officer having general charge of the affairs of the corporation, we think the utterances of the agent may be regarded as those of the corporation. But that rule can-

not be applied to subordinate agents. A verbal slander is the individual act of him who utters it, often arising out of his momentary excitement. It is the voluntary and tortious act of the speaker. There can be no joint utterance; and so two persons are not liable. He alone is liable who spoke the words. Many things are actionable when printed or published which are not actionable if published orally, and it seems to us a sound principle that the verbal utterances of an agent of limited powers should be regarded as his personal act rather than the act of his principal, unless authorized by the principal in fact or ratified by him.

We therefore conclude that, under the evidence, the circuit court should have instructed the jury peremptorily to find for the defendant. Judgment reversed and cause remanded for a new trial.