## Thompson v. Adelberg & Breman, Inc.

(Decided November 22, 1921.)

Appeal from Kenton Circuit Court
(Common Law and Equity Division).

1. Action—Joinder—Libel and Slander—Trespass.—Civil Code, section 83, declares what causes of action may be joined, and by the

provisions of subsection 5 of that section all causes of action aris-
ing from injuries to character constitute a distinct class; there-
fore, neither libel nor slander can be joined with trespass to the
person or property, real or personal, the former being for injuries
to the character, the latter for injuries to the property of the plain-
tiff.

2. Action—Separate Action for Libel and Slander—Trespass.—Where
separate actions were brought by a plaintiff, one for a libel affect-
ing her character, contained in cards printed by the defendant,
and the other for a trespass to her real property committed by
the latter in wrongfully invading her home and premises in her ab-
sence and defacing both the dwelling house and premises by post-
ing on them the libelous cards in conspicuous places, a verdict and
judgment for nominal damages recovered by the plaintiff in the
action of trespass, which was first tried, did not legally bar the
right of the plaintiff to recover damages in the action for libel; and
the action of the circuit court in holding to the contrary and over-
ruling the plaintiff's demurrer to such a plea in bar contained in
the defendant's answer to the petition in the action for libel, and
dismissing the petition, was reversible error.

WM. A. BYRNE for appellant.

JOHN E. SHEPARD and BERT J. KING for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This is the second appeal of this case. As the opin-
ion of the court on the first appeal (Thompson v. Adel-
berg & Breman, Inc., 181 Ky. 487) sets forth the material
facts alleged in the petition and also the ruling of the
circuit court respecting the single question then decided,
in order to obtain an understanding of the questions to
be determined on the second and present appeal it is
deemed sufficient to say that the action was brought by the
appellant seeking to recover of the appellee damages for
the alleged malicious publication by the latter of a libel
concerning her, contained in numerous yellow printed
cards posted, in her absence, by its order, in divers con-
spicuous places on the front of her residence and else-
where upon her premises, where they easily could be, and
were, seen and read by persons from the street in pass-
ing her home, and which cards, as alleged, substantially
charged that the appellant had inexcusably failed to pay
her debts, particularly one, it was claimed, she was owing
the appellee.

At the appearance term of the circuit court the appel-
lee filed a general demurrer to the petition, which that
court sustained, and, upon the refusal of the plaintiff to

amend, this ruling was followed by the entering of a judgment dismissing the petition, which resulted in the first appeal. On that appeal we held that the contents of the cards in question, together with the alleged manner of their use by appellee, made them libelous *per se;* therefore, that the facts alleged in the petition stated a cause of action; consequently the judgment of the circuit court sustaining the demurrer to the petition and dismissing the action was reversed and the cause remanded to that court for a trial consistent with the opinion.

Following the return of the cause to the trial court the appellee filed an answer to the petition embracing two paragraphs, the first containing a traverse and the second a plea in bar, based upon a judgment of the Kenton circuit court in favor of the appellant against the appellee, rendered in another action between the same parties, but arising, as alleged, out of the same transaction. The appellant demurred to the second paragraph of the answer, which demurrer the court overruled. Excepting to this ruling the appellant filed a reply controverting all affirmative matter appearing in the first paragraph of the answer, and, also, the right of the appellee to rely upon the judgment in bar pleaded in the second paragraph thereof. The appellee demurred to the reply, which the court sustained, and carrying it back to the petition, also sustained it to that pleading, pursuant to which rulings it rendered judgment again dismissing the action. Appellant also excepted to the rulings resulting in this judgment and to the judgment, and from the latter prosecutes the present appeal.

It appears from the record that at the time of, or shortly after, the institution by the appellant of this action against the appellee for the libel complained of, she also instituted against it in the same court an action of trespass *quare clausam freget,* in which the recovery of damages was sought for the alleged unlawful invasion by appellee, through its authorized collecting agent, of her home and premises and, as further alleged, its malicious acts in causing such agent, after entering the same in appellant's absence, to temporarily deface the property and annoy her and family by putting in conspicuous places both upon her dwelling house and premises printed cards containing libelous matter.

Following completion of the issues by the filing of the necessary pleadings, a trial was had in the action of trespass and a verdict and judgment of one cent in dam-

ages awarded the plaintiff, while the first appeal in the
libel action was pending in the Court of Appeals, which
judgment is the same pleaded by the appellee's answer
in the libel action after its return to the circuit court in
bar of a recovery therein, and which the circuit court held
constituted such a bar.  This ruling of the trial court
seems to have been bottomed on the theory that, as both
the libel and trespass complained of grew out of the same
transaction or tort, they might have been joined in one
and the same action; hence a recovery of damages in an
action for either would bar a like recovery in a separate
action for the other.  In thus holding the trial court
erred.  Section 83, Civil Code, declares what causes of
action may be joined, and by the positive provisions of
subsection 5 of that section all claims arising from in-
juries to character constitute a distinct class.  So libel
and slander may be joined in the same petition, but
neither libel nor slander can be joined with trespass to
the person or property, real or personal.  Hargan v.
Purdy, 93 Ky. 424; Fred v. Traylor, 115 Ky. 94; Dragoo
v. Levy, 2 Duvall 520; Tandy v. Riley, 26 R. 98.  This
distinction is well stated in Newman's Pleading and
Practice, section 374, as follows:

"But as claims arising from injuries to the person or
property of the plaintiff form a separate and distinct
class, libel or slander could not be joined with assault
and battery, nor with trespass on land or personal prop-
erty, the former being for injuries to character and the
latter injuries to the person or property of the plain-
tiff. . . ."

The rule thus declared by the excerpt from Newman,
*supra,* is approved in almost the same language in 23
Cyc. 409.  There seems to be but one exception to this
rule; a few of the authorities hold that slander and ma-
licious prosecution or false arrest may be joined, where
in the paragraph for the malicious prosecution or false
arrest injury to the reputation by scandal is alleged.
Dragoo v. Levy, 2 Duvall 520; Woods v. Finnell, 13 Bush
628.

Our attention has been called to no authority holding
that libel or slander of the plaintiff may be joined in the
same action with trespass to his person or property.  The
case of Cole's Admrs. v. Illinois Central Railroad Co.,
120 Ky. 686, cited by counsel for appellee, certainly does
not so hold.  In that case separate actions were brought
by the administratrix of a decedent against the railroad

company to recover in the one damages for the killing of the decedent by its train, and in the other for the destruction of his buggy and killing of his horse in the same accident by the same train. Recovery for the death of the decedent resulted and the defendant after paying the judgment pleaded it as a bar to any recovery in the second action for the destruction of the buggy and death of the horse. On appeal the plea was sustained, and properly so, because by the express provisions of sec. 83, subsec. 6, of the Code the two causes of action might and should have been joined, hence their segregation made the recovery in one of the actions and its satisfaction a bar to a recovery in the other. The two causes of action not only arose out of the same tort, but both belonged to a class that subsection 6, section 83, *supra*, expressly authorized to be joined in the one action.

We think it clear from the authorities, *supra*, that the ruling of the trial court holding the judgment obtained by appellant against appellee in the action for the trespass to her property a bar to a recovery in this action for the libel is without support from the law; therefore, the judgment of that court is reversed and cause remanded with directions to set it aside, sustain the appellant's demurrer to the plea in bar contained in the answer, and grant her a trial consistent with the opinion.