## Fordson Coal Co. v. Carter (two cases).

(Decided Sept. 28, 1937.)

CLEON K. CALVERT for appellant.

G. G. RAWLINGS and GEORGE R. POPE for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

In separate actions instituted by Ancil Carter and Paul Carter against the Fordson Coal Company, a corporation, each has recovered judgment in the sum of $500 for alleged libel. The defendant is appealing.

The actions, based on the same writing, were consolidated and heard together below, the appeals have been prosecuted on the same record and will be treated in one opinion.

The undisputed facts, in substance, are that prior to 1930 appellant operated a coal mine or mines at Banner Fork or Kentenia in Harlan county, but due to exhaustion of coal in paying quantities the operations were discontinued and the offices and equipment moved to Stone, Ky., where the company maintained offices in charge of its general agent and manager in this state. However, the company owned some residential and possibly other buildings in Kentenia which were not moved

but were let to tenants. M. L. Horne was employed by appellant to lease these buildings and collect and remit rents to its offices at Stone. Controversy is made concerning the extent and scope of the authority of Horne to act for the company and more will be said presently concerning that phase of the case.

Some time prior to February 27, 1934, an electric motor on appellant's plant at Kentenia, and used for pumping water, was by some person or persons detached and carried away. On the latter date M. L. Horne wrote a letter to Ancil Carter addressed to him at Richmond, Ky., where he was attending the Eastern State Normal School and which in part reads:

> "Unless you return the motor, that you and your father and brother took from 'Number One (1)' Kentenia by next Saturday, March 3, 1934, I shall take legal action against you and your brother. The value of this motor is in excess of $100.00. It constitutes a serious crime for anyone to take or carry away anything of value, especially when it can be classed as having a value of more than $100.00."

Thereafter these actions were instituted and in each of the original petitions it was alleged that Horne was the chief managing agent and the only agent of appellant in Harlan county and that it was his duty among other things to look after, care for, and hold intact all machinery and parts of machinery belonging to appellant, and that Horne, while so acting in the scope of his employment and in the course of the business in which he was employed by appellant, "did falsely, maliciously and unlawfully compose, write, utter and speak of and concerning plaintiff for the purpose of defaming plaintiff in his good name and character these words, in substance, that Ancil Carter (plaintiff) did take, steal, and carry away one of the Fordson Coal Company's motors against its consent, which was of the value of more than $100 and appropriated same to his own use; that Ancil Carter took the Fordson Coal Company's motor from Kentenia mine No. 11"; that the Fordson Coal Company, acting through its agent, did by composing, writing, uttering, and speaking said writing and statements to divers and sundry persons in Harlan county, Ky., injure and defame plaintiff and his good name and character to his damage in the sum of $3,000, for which judgment was prayed.

By amended petition Paul Carter set out at length the letter which is the basis for this action, reiterated the allegations of his original petition and further alleged that at the time the letter was written and the oral statements made as set out in the petition, as amended, Horne had for a long time, with the knowledge and approval of appellant, held himself out as its managing agent and had carried on and conducted its business, and that, after learning that the letter had been written by Horne acting as its agent, it failed and refused to disavow and retract same but adopted and confirmed the actions of Horne in writing the letter and making the statements, knowing them to be false and untrue.

By stipulation this was also treated as the amended petition of Ancil Carter. A motion to require appellee to elect which cause it would prosecute was made, that is, the cause of action for libel or the cause of action for slander as set out in their petition. The court sustained the motion to elect to which ruling appellees excepted, and they thereupon elected to stand on their action for libel as set out in their petition.

The stationery on which the letter was written bore the letterhead of the Fordson Coal Company but it only bore the individual signature of M. L. Horne. It was placed in a sealed envelope, addressed to Mr. Ancil Carter, 433 Oak street, Richmond, Ky., and was registered with a return receipt requested. When the letter arrived at Richmond, it was receipted for, and opened and read by the mother of appellees. There is evidence that when appellees returned to Banner Fork the fact that the letter had been written and its contents was a matter of gossip or comment in the community, but it is admitted by appellees that the letter was turned over to a post office inspector who made investigation and some inquiries in the community about the matter. There is no evidence that Horne or any other employee or agent of appellant ever exhibited the letter or told others of its contents. One witness did state that Horne said he had written a letter to appellee concerning a motor of the Fordson Coal Company which they had traded for. There is a total absence of evidence that appellant directed, procured, or authorized the letter to be written or that it approved or ratified the writing of the letter. Horne had formerly been in the employment of appellant but had received injuries which incapacitated him to perform manual labor, and, when a party

who had been collecting rents for appellant at Kentenia left or gave up the position, he wrote appellant's agent at Stone, soliciting the job of collecting rents. The reply to this letter is in evidence. It merely authorized him to rent property and collect rents. He was not authorized to even make repairs to the property unless he first submitted the matter to appellant's agent at Stone and received directions to have the repairs made. He could not take any action to enforce the collection of rents without first soliciting and receiving authority from appellant's agent at Stone.

The noxious quality of the charges and implications in the letter are so obvious as to impel the conclusion that they are of a libelous nature. The gist or basis of an action for libel is the injury to the reputation of a person in public esteem. Without publication there can be no libel and consequently no injury. By a great weight of authority it is established that the transmission through the mails of a libelous letter in a sealed envelope directed to a person libeled is not such a publication as will support an action for libel unless the writer knows or has grounds for believing that it will be opened or read by others than the person to whom it is addressed. McIntosh v. Matherly, 48 Ky. (9 B. Mon.) 119; 36 C. P. 1227; Zanley v. Hyde, 208 Mich. 96, 175 N. W. 261; Riley v. Askin & M. Co., 134 S. C. 198, 132 S. E. 584, 46 A. L. R. 558; 17 R. C. L. 316, sec. 57, and cases cited in those opinions and authorities.

There are a number of cases holding that where the writer of a libelous letter sent to the person libeled with knowledge that because of illiteracy, blindness, or other circumstances, others will be required to read the letter, a civil action for libel will lie. In this instance, as shown by evidence, the letter was not only properly sealed, but the writer and sender went to the precaution to have it registered, and there is no evidence whatever to indicate that he knew or had any grounds to believe that it would be opened or read by any person before it was received by Ancil Carter. We have not overlooked the case of Allen v. Wortham, 89 Ky. 485, 13 S. W. 73, 11 Ky. Law Rep. 697, but that case is in some respects out of harmony with the trend of authority and with other cases from this jurisdiction. Ancil Carter was attending school, the primary purpose of which was to train teachers, in fact, he was qualifying himself for that profession, and, in the light of this and other

proof and circumstances and authorities cited, the conclusion is inescapable that the sending of the letter through the mail, directed to him as indicated, was not such a publication as would sustain a civil action by him.

However, when we come to the case of Paul Carter, an entirely different situation is presented. The letter directed to Ancil Carter carried the same charges and implications against Paul. The fact that they were brothers did not excuse libel of one of them communicated to the other, since as said in 36 C. J. 1226, "Defendant's liability is not qualified by the fact that the defamatory words were communicated to members of plaintiff's family only." See, also, Kramer v. Perkins, 102 Minn. 455, 113 N. W. 1062, 15 L. R. A. (N. S.) 1141. Unquestionably, Paul Carter could maintain an action on defamatory and libelous words contained in a letter directed to his brother as against the writer and in some circumstances against the corporation for which it is alleged he was acting, but no such circumstances are revealed by this record. Horne, according to the evidence, was a special agent with very limited authority, and in writing the letter he was not acting within the scope of his express authority nor within the scope of his implied or apparent authority as agent for appellant, and, in the absence of showing that appellant directed or authorized the letter to be written or that it adopted or ratified his act after it was written, it could not be held for libel and the court therefore erred in overruling its motion for a peremptory instruction.

By cross-appeal appellees are challenging the correctness of the court's judgment and order requiring them to elect whether they would prosecute the action for libel or for slander. In Hargan v. Purdy, 93 Ky. 424, 20 S. W. 432, 14 Ky. Law Rep. 383, it was held that under section 83 of the Civil Code of Practice a petition which stated a cause of action for uttering and publishing defamatory words and also a cause of action for printing and publishing substantially the same words in a newspaper was not an improper joinder of causes, and the plaintiff would not be required to elect. Here the two causes were not stated in separate paragraphs but were so intermingled that one could not be separated from the other and a motion to make more definite and certain, or to paragraph, might have been properly sustained, but, as indicated in Hargan v. Purdy, supra, the court erred in requiring appellees to elect. However,

as we view the matter that was immaterial and not prejudicial, since, if M. L. Horne had in fact been a general agent of appellant with unlimited authority, the latter would not be liable for any slanderous words spoken by him concerning appellees, unless his slanderous utterances were made at the instance and direction of appellant or unless it approved and ratified his acts in so speaking. J. J. Newberry et al. v. Faulconer et al, 248 Ky. 59, 58 S. W. (2d) 217; Stewart Dry Goods Co. v. Heuchtker, 148 Ky. 228, 146 S. W. 423; Young v. North East Coal Co. et al., 194 Ky. 520, 240 S. W. 56; Duquesne Distributing Co. v. Greenbaum et al., 135 Ky. 182, 121 S. W. 1026, 24 L. R. A. (N. S.) 955, 21 Ann. Cas. 481. If, in fact, Horne spoke any slanderous words concerning appellee, there is no showing that he was authorized or directed to do so by appellant or that it in any manner ratified or approved his act in so doing.

For the reasons indicated the judgment in each case is reversed for proceedings consistent with this opinion.