## Edwards v. Kentucky Utilities Co.

Feb. 3, 1942.

B. J. Bethurum for appellant.

Ben V. Smith & Son and Ogden, Galphin, Tarrant & Street for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The appellant brought this action in the Pulaski circuit court to recover of appellee damages for slander. For his cause of action appellant alleged that:

"The plaintiff further states that on the 16th of July, 1940, Claude Hill, who was then and there the Acting Manager, agent and servant of the defendant, Kentucky Utilities Company, while acting in the general scope of his employment as such acting Manager, agent and servant, falsely and maliciously spoke and published in the presence and within the hearing of divers persons of and concerning the plaintiff these words:

" 'He—meaning the plaintiff—has been diverting the current. We are going to put the meter on the outside of the house. We are going to install a theft-proof meter on the outside or on the pole,' meaning thereby to charge the plaintiff with the crime of larceny in the theft of electricity from the defendant Company in the manipulation and handling of the electric meter, which said meter is used by the defendant Company to measure and record the amount of electricity during a given period, when in truth and in fact the said language so used by the said Acting Manager of said Company was false, malicious, slanderous and untrue."

Appellee's original answer was a traverse only, but later, by amended answer, it pleaded that it was true that the plaintiff was diverting the current. After the filing

of the amended answer appellant filed his amended petition in which it further alleged that appellee directed and authorized Hill as its agent to speak of and concerning the plaintiff the language complained of in the petition, and that since the uttering of said language defendant had approved and ratified the same.

By subsequent pleadings and orders the issues were joined and at the conclusion of the evidence for the plaintiff the court peremptorily instructed the jury to find a verdict for defendant, (appellee) and upon that verdict the court entered judgment dismissing appellant's petition. This appeal follows.

It is not contended for appellant that there was any evidence tending to show that appellee authorized Hill, its agent, to utter the alleged slanderous language concerning appellant. The sole ground relied upon for reversal is that appellee subsequently ratified the slanderous statements of Hill and for that reason the case should have been submitted to the jury. Appellant cites numerous authorities to the effect that the principal is liable for the slander of its agents if it authorized the agent to make the slanderous statements, or subsequently ratified the same. The principal ground relied upon as ratification of the statements of Hill is that appellee pleaded the truth of the statements in its amended answer. It is fundamental that in judicial proceedings a party litigant has the right to plead all the causes of action he has, if a plaintiff; and if a defendant, he has the right to plead all the defenses allowed by law. Section 113, Civil Code of Practice.

In Lisanby v. Illinois Central Railroad Company et al., 209 Ky. 325, 272 S. W. 753, it was held that statements in pleadings filed in judicial proceedings, if material, relevant, or pertinent to the issues involved, are absolutely privileged, though it is claimed that they were falsely and maliciously made. See, also, to the same effect, Reynolds v. Evans et al., 244 Ky. 267, 50 S. W. (2d) 549; Begley v. Louisville Times Co., 272 Ky. 805, 115 S. W. (2d) 345. Many authorities of a like import might be cited, but we deem it unnecessary to cite them since we know of no authorities or exceptions contrary to the rules established in the cases cited. It follows, therefore, that appellee's pleading asserting the truth of the alleged slanderous statements is privileged and it is not liable therefor.

Appellant further insists that appellee failed to disapprove or repudiate the slanderous statements of its agent after obtaining knowledge of same and by its silence it ratified the same, and in support of this contention the case of Pennsylvania Iron Works Co. v. Henry Voght Machine Co., 139 Ky. 497, 96 S. W. 551, 552, 8 L. R. A., N. S., 1023, 139 Am. St. Rep. 504, is cited. That action was based upon a libelous letter written by the manager of the office of the Pennsylvania Iron Works Company at Louisville, Kentucky. The letter was written on the letterhead or stationery of the Pennsylvania Iron Works Company and was signed ''Pennsylvania Iron Works Co., Wm. Wilson, Manager Southern Office.'' In its answer the Pennsylvania Iron Works Company traversed generally the allegations of the petition, denied that Wilson had any authority from, or on behalf of it, to write the letter and that if he did write such letter it was entirely unauthorized. It is pointed out in that opinion that there was no evidence conducing to show that the Pennsylvania Iron Works Company authorized the writing of the letter or ratified the same except by its silence or failure to disavow or repudiate the same, except by its answer as indicated above. The court submitted the case to the jury and instructed the jury that although they might believe that Wilson was not the agent of the company at the time the letter was written, yet if the company subsequently ratified or approved the letter and the statements therein contained, they should find for the plaintiff. The trial resulted in a verdict and judgment in favor of the plaintiff, and on appeal to this court the judgment was affirmed.

The Pennsylvania Iron Works Company and the Henry Voght Machine Company—the latter being the plaintiff in that action—were competitors dealing in and selling the same merchandise. The letter, as appears in that opinion, was written to a business concern which handled the class of merchandise sold by the Pennsylvania Iron Works Company and the Henry Voght Machine Company, and the letter denounced the plaintiff's merchandise as being cheap, secondhand and of inferior quality. If the contents of the letter were to be believed it might have prevented the purchase of the plaintiff's merchandise and resulted in the purchase of defendant's merchandise, which benefits it might have received and retained without taking any action to deny or repudiate the truth of the letter. It is thus seen that there was

more reason for a retraction or repudiation of that letter than there would be for the retraction or repudiation of the oral statement of an agent and by which the principal could not possibly have benefited.

On the question of ratification by the principal of a libel or slander of its agents, see Fordson Coal Company v. Carter, 269 Ky. 805, 108 S. W. (2d) 1007; Pruitt v. Goldstein Millinery Co., 169 Ky. 655, 184 S. W. 1134; J. J. Newberry Company et al. v. Faulconer et al., 248 Ky. 59, 58 S. W. (2d) 217.

The court held that certain facts relied on in the cases, supra, were insufficient to constitute ratification, which we think were as strong in favor of ratification as the facts in the present case. In the Pruitt case, supra, the court quoting with approval from Newall on Slander, Section 35, page 377, said [169 Ky. 655, 184 S. W. 1137]:

" 'In order that there may be a valid ratification there must be both knowledge of the fact to be ratified and an intention to ratify it. The master must do something more than merely stand by and let the servant act. Nonintervention is not ratification.' "

Since, however, we have concluded that the facts in the Pennsylvania Iron Works Company case, supra, are not analogous to the facts in the present case, we need not here determine the soundness of that opinion.

For the reasons stated, the judgment is affirmed.