## Arnz v. Arnz' Adm'r et al.

June 4, 1946.

508

Stanley Briel and Robert Hubbard for appellant.

Lawrence S. Leopold, John R. Whitlow, L. R. Curtis, and C. Raymond Emler for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Rose Arnz and Herman Arnz, now deceased, were divorced by a judgment of the Kenton Circuit Court in 1940. In her original petition Mrs. Arnz alleged that, shortly after Mr. Arnz divorced his second wife, she and

he verified a petition asking the Kenton Circuit Court to annul the divorce judgment; that the petition was mailed to an unnamed attorney in Kenton County, but for some unknown reason it was never filed and was never acted upon by the court; that the mistake was not discovered until after Mr. Arnz' death in 1943; and that believing in good faith the divorce had been annulled they lived together as man and wife and held themselves out to the public as such. Mrs. Arnz sought a wife's share of Mr. Arnz' estate. In the case of Arnz v. Johnson, 299 Ky. 529, 186 S. W. 2d 4, we held the facts alleged by Mrs. Arnz were not sufficient to restore the marital status, and, therefore, she was not entitled to the relief sought.

After our decision in the case Mrs. Arnz filed the following amended answer and cross petition:

"Comes the defendant and cross-petitioner Rose Arnz and by leave of Court amends her answer and counter-claim and her cross petition herein and for a third paragraph to her answer and counterclaim and her cross-petition she adopts paragraphs two of her original answer and counterclaim and cross-petition as a part of this amendment and as a part of paragraph three hereof, and states that she was employed at the time that she and the deceased Herman Arnz signed a verified petition to annul the divorce proceedings heretofore mentioned and that the deceased Herman Arnz (after said verified petition has been signed and after they had resumed the relations of wife and husband in the full and firm belief that they were wife and husband) promised and agreed that if she would quit her employment and do the household duties ordinarily and generally performed by a wife and assist him in his place of business, that he would pay her for said services; and he furthermore promised, in consideration of her ceasing employment elsewhere and doing the household duties of a wife and assisting him in his place of business, that he would will to her his entire estate; that believing that she and he were again wife and husband and relying on said promises, she did cease her other employment and did perform the household duties and did assist him in his business.

"She further states that the reasonable value of her services was at least $2,000.00.

"She further states that by reason of the said deceased Herman Arnz' promise and agreement to devise to her his estate she is entitled to all of his said estate. Herman Arnz died intestate." She also asked for an issue out of chancery, which was denied. She was required to elect whether she would rely upon a contract for payment for her services or a promise that Mr. Arnz would will her his entire estate. Prior to the entry of an order dismissing Mrs. Arnz' answer and cross-petition as amended (from which ruling she has appealed), the court refused to permit her to file the following amendment to her answer and cross-petition: "Comes defendant and cross-petitioner, Rose Arnz, and by leave of Court further amends her amended answer and counterclaim and cross-petition herein, and for said amendments she states that the sole and only consideration for the deceased, Herman Arnz' promise and agreement to pay her for her services and to will her his entire estate, was that she would quit her employment, work for him in his place of business, and take care of the house."

On this appeal Mrs. Arnz is insisting that the amendments to her answer and cross petition stated affirmative causes of action in her favor; that she was entitled to an issue out of chancery; and that she should not have been required to elect. It seems to us the three contentions are well grounded.

As pointed out in the cases of Yowell v. Bottom, 175 Ky. 635, 194 S. W. 768, and McMillan v. Massie's Ex'r, 233 Ky. 808, 27 S. W. 2d 416, and the cases cited therein, a contract between a man and woman, where illicit relations formed a part or all of its consideration, is contrary to public policy and will not be enforced. A contract between a man and woman who have engaged in illicit relations before its execution, or who do so thereafter, will not be set aside unless it is shown that such relations formed a part of the consideration. In the case at bar Mrs. Arnz alleged she and her husband thought their divorce judgment had been set aside before they began living together as man and wife, and in no part of her pleadings did she say Mr. Arnz agreed to pay her for her services or leave her his estate upon the condition that she come and live with him as his wife. In the third amended answer and cross-petition, which

should have been filed, she set forth that the sole consideration for Mr. Arnz' promise to pay her for her services and to will her his entire estate was that she would quit her employment and take care of his home and work in his business establishment. This is the substance of the second amended answer and cross petition. In that amendment, however, she also said that she and Mr. Arnz in good faith lived together as man and wife and that she did leave her employment and performed the duties which she agreed to perform. We fail to see how one can spell out of these pleadings the allegation that a part or any of the consideration of the alleged contract was based upon illicit relationship between the parties. The appellees may be able to allege and prove facts to the contrary, but that is not the question now before us.

Clearly, the question as to whether or not there was a contract between the parties is one of fact and should be submitted to a jury as was requested by Mrs. Arnz. This was the practice followed in the Yowell case. The general rule is set forth clearly in Bell v. Duncan, 196 Ky. 574, 245 S. W. 141.

We think Mrs. Arnz had a right to plead two causes of action; one that she had been promised payment for her services rendered during Mr. Arnz' lifetime in keeping house and working in his business establishment; and two that he agreed to will her his entire estate. Similar pleas were set up in the Yowell case. As said in Edwards v. Kentucky Utilities Company, 289 Ky. 375, 158 S. W. 2d 935, 139 A. L. R. 1063, a plaintiff has a right to plead all the causes of action he has and a defendant has the right to plead all of the defenses allowed by law. When the issues are properly joined Mrs. Arnz may be able to bring forth proof which would warrant the jury in finding for her on either or both grounds.

Under the circumstances, and in view of what has been said, we think the judgment should be and it is reversed, with directions to set it aside and for proceedings consistent with this opinion.