CASE 27—PETITION ORDINARY—FEBRUARY 4.

# Yeates vs. Walker.

APPEAL FROM MADISON CIRCUIT COURT.

1. The payee of a note assigned it in the following words : "Value received, I assign this note to Owen W. Walker, and if not paid I bind myself to pay it." In a joint action against the two obligors and the assignor, there was a judgment, by default, against the assignor only. *Held*—That *sec.* 114 of the Code does not apply to cases of misjoinder of *parties*, and that an objection to a petition on that ground can be taken advantage of only by motion to strike out the name of the party improperly joined. (18 *B. M.*, 132.)

2. If the assignment was made before the maturity of the note, the assignor's liability accrued at its maturity ; if made after maturity, his liability accrued within a reasonable time thereafter. (4 *J. J. M.*, 72 ; 1 *Dana*, 609.)

S. TURNER, for appellant, cited 1 *Dana*, 609 ; *Civil Code, sec.* 114; 4 *J. J. M.*, 71 ; 13 *B. M.*, 383.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT :

Appellant held a note on the two Humes for upwards of $800, executed on the —— day of ———, 1861, and due on the first of January next thereafter, upon which he made the following assignment: " Value received, I assign this note to Owen W. Walker, and if not paid I bind myself to pay it." There is no date to this assignment.

On the 16th of February, 1863, appellee instituted a joint action against the payors and appellant as assignor of the note, and judgment having been rendered by default against him alone, he now seeks to reverse that judgment on two grounds—

1st. Because there is a misjoinder of parties ; and

2d. That the petition fails to show that appellee had sued the payors of the note, and had been unable to coerce the payment of the debt from them.

It is insisted that *section* 114, *Civil Code*, applies only to cases in which there is a misjoinder of causes of action ; but not to cases like the present, where there is a misjoinder of parties, and that there is no other *section of the Civil Code* applicable to

such cases; consequently the objection to a misjoinder of parties cannot be treated as waived, although it may not have been made in the court below.

It is certainly true that the *section supra* does not embrace this class of cases. Before the adoption of the *Civil Code* a misjoinder of parties could be taken advantage of by demurrer; but in *section* 120, *Civil Code*, the causes for which a defendant may demur are enumerated, and a misjoinder of parties is not embraced in that enumeration; as, therefore, the objection could not be taken advantage of by demurrer, and is not embraced in *section* 114 *supra*, this court decided in *Dean, &c., vs. English*, 18 *B. M.*, 132, that an objection to a petition, because it shows a misjoinder of parties, either plaintiff's or defendant's, can *only* be taken advantage of by motion to strike out the name of the party improperly joined. No such motion was made in this case, and the objection cannot be available here.

As to the second objection, we need only say that appellant's liability accrued upon the failure of the payors of the note to discharge it.

The assignment of appellant is not dated; but whether it was made before or after the note, cannot materially affect him. If it was before the note was due, he was liable to an action so soon as that event happened and the payors failed to discharge it. If after that period, then he was bound to discharge it at least within a reasonable time.

On the 7th of June, 1862, a credit was entered on the note for $459. By whom the money was paid does not appear, nor does it appear who received it; but from the language in which the assignment is made, we are authorized to assume that no part of the note had been paid when the assignment was made. From that period until suit was commenced was about six months, which must be deemed reasonable and sufficient indulgence to appellant after the breach by the payors of the note.

The difference between the case at bar and that of *Ely vs. Bibb*, 4 *J. J. M.*, 72, referred to by appellant's counsel, must be obvious. In that case Bibb only guaranteed the "*ultimate*" payment of the money. That word *ultimate* controlled the decision of the case, and but for it Bibb would have been

made liable without suit against the obligors in the note, as is manifest from the following sentence in the opinion :

" Had the word ' *ultimate* ' been omitted, it is clear that Bibb would have been liable to an action so soon as the note became due, and unpaid."

An authority, as we conceive, directly sustaining the doctrine enunciated in this opinion.

In *Marshall vs. Peck & Gilman*, 1 *Dana*, 609, a demurrer was put in to the declaration because the action was brought jointly against Peck and Mrs. Gilman, she being the guarantor of Peck. The demurrer to the declaration was overruled by the circuit judge, and this court reversed the judgment and decided that the demurrer to the declaration should have been sustained because of a misjoinder of defendants.

In the case at bar, if the objection had been made in the proper way and at the proper time, it would doubtless have been available.

The principles decided in *Bell & Terry vs. Kellar*, 13 *B. M.*, are not believed to be applicable to the present case.

Judgment affirmed.