JUDGE HARDIN
delivered the opinion oe the court.
The appellants brought this action against John W. Reardin and Fannie his wife, formerly Fannie Brown, praying a judgment for $132.50, with interest thereon; the petition setting forth, in substance, that before the marriage of Mrs. Reardin she became indebted to the plaintiffs, who were the conductors of a female seminary in the city of Philadelphia, in said sum of $132.50, “for piano lessons, riding lessons, music, painting materials, dancing lessons, books, concert tickets, cash and money, taught, furnished, and performed by plaintiffs to and for defendant, at her special instance and request.”
The plaintiffs filed as part of their petition -a bill of particulars, among the items of which were charges for sewing, medicine, and a medical bill, besides the sums generally or specifically stated in the petition.
It was further averred in the petition that Mrs. Rear-din owned a large amount of real and personal estate, and more than enough to pay the plaintiffs’ demand, which said J. W. Reardin received in his right as her husband.
The plaintiffs further alleged a promise of Reardin, made after his marriage and receipt of his wife’s estate, that he would pay the debt if the plaintiffs would forbear to sue upon their claim for a particular time; and. that they did so forbear, but Reardin failed to comply with his promise.
It appears from the record that the defendants appeared in the action, and on their motion the court required the plaintiffs to so number the statements of the petition that it would present in separate paragraphs the action as against both defendants on the original assumpsit, and the statements made with reference to the subsequent promise of Reardin; which being done under the order of the *37 court, the defendants moved the court to compel the plaintiffs to elect “ which one of the defendants they would proceed against;” and this motion being granted the plaintiffs elected to proceed against J. ~W. Reardin, and thereupon the defendant filed a demurrer to. the petition, which was sustained, and an amended petition was filed.
To the action, as thus presented, Reardin pleaded, first, a direct denial of the promise alleged to have been made by him; also a denial of any knowledge or information upon which to form a belief as to the truth of the statements of the petition setting forth said accounts, or any part of them. Second, that said Fannie was an infant; and that fact was relied on in bar of the action.
Upon the trial of the case, the court, at the instance of the defendant, instructed the jury to find for him; and a verdict and judgment were rendered for the defendant accordingly.
The plaintiffs having excepted to the several rulings of the court against them, and moved the court to grant them a new trial, which was refuged, they have brought the case to this court; and they'complain that the court erred to their prejudice, first, in- requiring them to separate the petition into paragraphs, and in compelling them to elect “which one of the -defendants they would proceed against;” second, in giving the peremptory instruction to find for the defendant.
As to the rulings first objected to two questions arise: first, did the petition contain, more than one cause of action? second, if it did, were they such as could be united in the same suit?
The Civil Code, section 119, provides that “ where the petition contains more than one cause of action, each shaJl be distinctly stated in a separate paragraph, and numbered;” and the Code further provides (section 111) *38 that several causes of action, if they belong to one of certain specified classes of cases, may be united in the same petition when each affects all the parties to the action; may be brought in the same county, and prosecuted by the same kind of proceedings.
While it is obvious therefore that if the petition contained two causes of action, the court properly required that they should be distinguished by paragraphs, they might still have been prosecuted together if embraced by the section of the Code referred to. But the circuit court, with apparent inconsistency with its subsequent action in sustaining a demurrer to the part of the petition the plaintiffs elected to prosecute, seems to have construed the petition as containing two distinct causes of action; one of them against Beardin and his wife, as to which they must be joined as defendants, and the other against J. W. Beardin alone, as to which his wife was not a proper party, and if the court was right in its construction, it was proper to require the separate causes of action to be distinguished, and that the plaintiffs elect to prosecute one of them and abandon the other, which is evidently what was intended by the orders which were made. But if the petition did not set forth two separate and distinct causes of action, then it seems to us both of said orders were erroneous; although if the petition contained irrelevant or redundant matter, it might have been stricken out under section 147 of the Code.
As we construe the petition in this case, it does not purport to unite two causes of action, although satisfaction of the same claim is sought on different grounds. We are not called on to decide in this case whether, under our present system of practice, a plaintiff having but one cause of action may not present it fictitiously in different forms, as might in some cases have been done under *39 common law pleading; but if he could not, the remedy would seem to be to strike out such matter as may appear to be mere surplusage, or require the pleading to be made definite and certain, under section 161 of the Code.
We are of the opinion therefore that neither of the orders complained of should have been made.
With reference to the action of the court In instructing the jury peremptorily to find for the defendant, it is deemed unnecessary to decide the questions of law which have been presented in the argument, except so far as those questions may arise on a re-.trial of the case on pleadings conformable with this opinion.
It may be observed that as the testimony of the only witness examined conduced stroágly to establish the alleged promise of Reardin, it must be presumed that the court gave the instruction to find for the defendant on some other ground than a failure of evidence on the issue as to that undertaking; but our inference is that the court based its action either on the failure to prove the account, or otherwise show a consideration for the agreement of Reardin, except the mere forbearance of the plaintiff, or on the fact, which was proved, that Mrs. Reardin was an infant when the; debt is alleged to have been created.
Whether the mere forbearance of the plaintiffs was, as insisted for them, a sufficient consideration to uphold the agreement of Reardin to pay the debt (which need not here be decided), as it was proved in connection with said agreement that the defendant, after consulting his wife relative to the account, told the witness “that he had seen his wife about it, and that she said it was all correct except the item of ‘parlor reading,5 which she said she did not think they intended charging for, and a book which she did not remember getting,55 the case ought not *40 to have been withdrawn from the jury by a peremptory instruction on the -ground of a failure of proof of the account. For although these statements, as proved, were in one sense hearsay, they were such as Reardin himself seemed to accredit and act upon; and, having professedly based his agreement upon his belief that they were true, he should 'not be allowed to repudiate them as incompetent evidence. But even if he might have done so, no objection was made to the competency of the evidence. Nor do we think the court should havé given said instruction on the ground that the infancy of Mrs. Reardin was conclusive of the plaintiffs’ right of recovery.
Although it is declared by the Revised Statutes (sec. 1, chap. 22) “that no action shall be brought to charge any person . . . upon a promise to pay a debt contracted during infancy, or a ratification of a contract or promise made during infancy,” this provision of the statute did not exonerate either Reardin or his wife from a liability' which may káve existed, notwithstanding her infancy, independent of any subsequent ratification or express promise.
If any part of the account against Mrs. Reardin was for necessaries properly furnished her, considering her circumstances and condition in life, then both she and her husband, who it appears received a large estate by their marriage, were bound by law, as well as good morals, to pay that part of the account, and could not escape responsibility on the plea of infancy. And although, the infancy of Mrs. Reardin being proved, the burden of showing that the account was for necessaries lay on the plaintiffs so far as their right of recovery was affected by the question of infancy, yet, the correctness of almost the entire account being sufficiently proved, the jury should have been allowed, in connection with *41 the proof of the affluent circumstances of Miss Brown while receiving the advantages of the plaintiffs' boarding-school in Philadelphia, to look to the items of the account — the charges for books- and stationery, lessons in music, and other items of expense incidental to the accomplishment of a young.lady and the completion of her education, and the charges for sewing, medicines, etc., and to determine from all the evidence whether the account was for necessaries or not.
Wherefore the judgment is reversed, and the cause remanded for a new trial, and for further proceedings not inconsistent with this opinion.