MERCHANTS' INS. CO. OF NEWARK, N. J., v. BUCKNER et al.

(Circuit Court of Appeals, Sixth Circuit. July 2, 1901.)

No. 932.

1. LIBEL—MALICE—ACTUAL AND IMPLIED—CHARGE TO JURY.

Where the court properly charged on the subject of malice in an action for libel, and what was said was unexceptionable as far as it went, and there was no request to instruct the jury on the difference between actual and implied malice and compensatory and exemplary damages, the judgment should not be disturbed because there was no special charge on those points.

2. APPEAL—EXCEPTIONS—REVIEW.

Where exceptions to the admission of testimony are general in their character, failing to point out the grounds of exception, such exceptions do not furnish a proper basis for review in an appellate court.

3. LIBEL—DEFENSES—PUBLICATION.

Where a libelous letter is sent to the secretary of a local board of underwriters, it is immaterial whether such board is a legal organization or not, since the writing and publishing of the letter would be equally effectual to damage the reputation of plaintiff in either case.

4. SAME—PLEADING—JOINDER OF CAUSES.

Plaintiffs, who were formerly partners, sued for a libel published of them in their firm name, alleging facts which entitled each to recover for injuries sustained by him individually, and claiming no damage to the business of the firm as such. Held that, though there was an improper joinder of causes of action and parties, such objections were waived, under Civ. Code Prac. Ky. §§ 113, 114, by failure of defendant to take advantage of such misjoinder by motion before answering.

In Error to the Circuit Court of the United States for the District of Kentucky.

A. B. St. John, for plaintiff in error.

Reuben A. Miller and Geo. W. Jolly, for defendants in error.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

DAY, Circuit Judge. This case has once before been under consideration in this court. Insurance Co. v. Buckner, 98 Fed. 222, 39 C. C. A. 19. It is unnecessary to restate the particulars of the case,

·which are fully disclosed in the former report. The action is one for libel arising from the writing and publication of a certain letter by an agent of the insurance company. Of the numerous errors assigned, five principal ones are urged upon our attention in the brief and oral argument for the plaintiff in error.

1. It is claimed that in an action for libel the law distinguishes two classes of malice,—malice in fact, or actual malice, and malice in law, or implied malice. Actual malice, it is alleged, alone entitles the party to recover exemplary damages; and it is urged that the court erred in not pointing out this distinction to the jury, and limiting the recovery to compensatory damages, in the absence of proof of actual malice. An examination of the charge in this respect shows that the court properly charged upon the subject of malice, and what was said is entirely unexceptionable, so far as it goes. Had the attention of the trial judge been called by a proper request to the necessity of instructing the jury upon the difference between actual and implied malice and compensatory and exemplary damages, no doubt they would have been instructed upon those propositions. In the absence of a request, the charge being free from error, we find nothing in this assignment to warrant interference with the judgment.

2. It is next urged that it was error to permit evidence of the good reputation of defendants in error, no attack having been made upon their reputation by the plaintiff in error at the trial. We find it unnecessary to pass upon this proposition, in view of the state of the record. The exceptions to the admission of testimony of this class are general in their character, failing to point out the ground of exception. It is well settled in the federal courts that such exceptions fail to afford a proper basis for review in an appellate court. The ground of the exception should be disclosed, in order that the court may act understandingly, and correct the error if one has been made. Railroad Co. v. Hellenthal, 31 C. C. A. 414, 88 Fed. 116; Burton v. Driggs, 20 Wall. 125, 22 L. Ed. 299; Toplitz v. Hedden, 146 U. S. 252, 13 Sup. Ct. 70, 36 L. Ed. 961.

3. It is claimed that the court below erred at the trial in permitting evidence of the publication of the letter in question, because the local board of underwriters at Hopkinsville, to whose secretary the alleged libelous letter was sent, was an illegal organization, as it sought to control by an illegal combination the business of insurance at that place. We fail to appreciate the materiality of this objection. This action in no wise concerns the legal organization of the board. Its objects may have been to restrain trade and prevent competition, rendering the organization illegal under the laws of Kentucky. This would afford no excuse to the plaintiff in error for sending a libelous letter to its secretary, with the publication of such letter, which would naturally follow. The question in this case is as to the responsibility of the plaintiff in error for its publication. The writing and publishing of this letter would be equally effectual to damage the reputation of the defendants in error if it be conceded that the board was illegally organized.

4. Evidence of publication of the alleged libel is claimed to have been admitted, which, owing to its remoteness, should have been ex-

cluded, and for which publication the plaintiff in error was not legally responsible. This assignment of error may be disposed of by further reference to the rule requiring objections to the admission of testimony to be definite, and to state the grounds thereof. The objections under this head are all general in their character, and too indefinite to lay the foundation for a review of the questions sought to be made.

5. Objections were taken to the charge, and the refusals of requests to charge based upon the theory that the action in this case was prosecuted for the recovery of damages to the plaintiffs below for an alleged libel upon the firm of Buckner & Co., of which they were members. It may be conceded that a joint action for slander or libel cannot be maintained by two or more individuals because the spoken or written words were uttered or written at the same time respecting several persons. Such wrongs furnish the ground for separate actions, and the parties have no community of interest which will enable them to sue jointly. To enable a firm to recover in an action for libel prosecuted on behalf of a partnership, damages must be limited to those which are suffered by the firm as such. When the reputation of the individual members is alleged to be injured by libelous publications concerning the firm, action must be brought by them separately. Admitting the soundness of these general principles, we think an examination of the pleadings shows that this action was not brought to recover on behalf of the firm for an injury to the partnership business. Plaintiffs below described themselves in the petition as "late partners under the style of Buckner & Co." Facts are stated which entitle Samuel S. Buckner and Frank G. Buckner to recover for injuries sustained by them individually. No damage is claimed to the business of the firm as such. In this view of the petition and the causes of action alleged, we have a case of misjoinder of causes of action as well as misjoinder of parties plaintiff. At the common law an attempt to recover in this manner with such misjoinder of parties and causes of action would result in a verdict for the defendant, and the court might instruct the jury so to find. At common law advantage of such misjoinder could be taken at any stage of the proceedings. In this case the practice is controlled, being upon the law side of the court, by the Kentucky Code of Procedure. An examination thereof shows that, where there is a misjoinder of causes of action, advantage must be taken thereof before answer, by motion requiring the plaintiff to elect between the causes of action,—to prosecute one and strike out the others. In the absence of such a motion the objection is waived. The rule is the same in that state in case of misjoinder of parties, which likewise must be taken advantage of by motion, in the absence of which the objection is deemed to be waived. Civ. Code Prac. Ky. §§ 113, 114; Dean v. English, 18 B. Mon. 132; Yeates v. Walker, 1 Duv. 84; Caldwell v. Caldwell, 2 Bush, 446; Sale v. Crutchfield, 8 Bush, 636-646. Had seasonable advantage been taken of this misjoinder, undoubtedly the plaintiffs below could have been required to prosecute separate actions for their alleged grievances. The insurance company by answering to the merits waived the objections as to misjoinder. Prob-

ably no prejudice has resulted to the plaintiff in error, as the defendants in error are both estopped by the judgment obtained from prosecuting further actions. Finding no error in the record, the judgment of the circuit court is affirmed, with costs.