## Young v. North East Coal Company, et al.

(Decided April 21, 1922.)

## Appeal from Floyd Circuit Court.

1. Pleading—Election Between Causes of Action—Misjoinder.—A motion to elect is directed solely against a misjoinder of actions and cannot be employed to eliminate improper parties or other irrelevant matter from a petition which states but a single cause of action.

2. Pleading—Election Between Causes of Action.—Where a petition seeking to charge a master and his servant jointly with slander, stated but a single cause of action, the court erred in sustaining a motion by the defendants to require the plaintiff to elect; and where the plaintiff elected under protest to prosecute the action against the master, the court erred in dismissing the petition against the servant over plaintiff's objection and exception, and such judgment is reversed.

3. New Trial—Appeal and Error.—When a motion for a new trial is not made within three days as required by section 342 of the

Civil Code, nothing but pleadings and findings of the jury can be considered on appeal.

C. B. WHEELER for appellant.

KIRK & KIRK for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming in part and reversing in part.

In this action for slander instituted against the North East Coal Company and J. G. Glancey, its mine foreman or bank boss, the plaintiff, now appellant, was required to elect which defendant he would prosecute. He elected, under protest, to prosecute the coal company, and the court, over his objections and exceptions, dismissed the action without prejudice against Glancey. At the close of his evidence a verdict was directed for the defendant company, and complaining of these rulings of the court, he has appealed from the separate judgments dismissing his petition against Glancey and the coal company.

The petition alleges that the slanderous words were uttered by Glancey as the agent and servant of the coal company, and in his own behalf, and in addition avers in substance, although not in terms, that in so doing he was acting as agent and servant of the company. But plaintiff does not allege in either his original or amended petition that the company directed or authorized the utterance of the actionable words, or afterwards approved or ratified the same; and without such allegations, under the numerous decisions of this court, he did not state a cause of action against the coal company. Duquesne Distributing Co. v. Greenbaum, 135 Ky. 182, 121 S. W. 1026, 24 L. R. A. (N. S.) 955; Stewart Dry Goods Co. v. Heucthker, 148 Ky 228, 146 S. W. 423; Pruitt v. Goldstein Millinery Co., 169 Ky. 655.

The appellant by petition for rehearing, seeks to change the record he filed in this court and upon which the case was originally submitted and decided, in an attempt to show that his amended petition alleged ratification by the defendant company of Glancey's utterances, but this he cannot do, as this court from necessity has uniformly held. Yeager v. Groves, 18 Ky. 282; Christopher v. Searcy, 12 Bush 171; Moon v. Story, 8 Dana 245; Owingsville, etc. Tp. R. Co. v. Hamilton, 54 S. W. 175; Miller's Appellate Practice, section 104.

Plaintiff did, however, as is conceded, state a cause of action against Glancey, and the next question for decision

is whether the court erred in requiring plaintiff to elect, and in dismissing his petition against Glancey after his election. A motion to elect is properly directed only against a misjoinder of actions, and is waived unless made before answer; sections 85 and 86 of the Code, and cases cited thereunder. It cannot be. employed to eliminate matter that is simply irrelevant or redundant from a petition which states but a single cause of action. Bonney v. Reardin, 6 Bush 34.

Nor is it the proper remedy to correct a mere misjoinder of parties, unaccompanied by a misjoinder of actions. A defect in parties must be corrected by a special demurrer before answer or it is waived (section 92 of the Code), but where, as here, a single cause of action is stated and an improper party is made defendant, there is neither a misjoinder of actions nor a defect of parties; there is simply a surplusage of parties, and the remedy of the proper defendant to rid the petition of such, as any other surplusage or irrelevant matter, is a motion to strike (Dean v. English, 18 B. Mon. 132); while the remedy of the defendant against whom a cause of action is not stated, is a demurrer to the petition.

Hence the court erred in requiring plaintiff to elect, and in dismissing the petition against Glancey.

The next complaint is that the court erred in directing the verdict for the defendant coal company at the completion of plaintiff's evidence, but this is unavailing, since there was a trial to a jury and plaintiff did not file a motion and grounds for a new trial within three days after the rendition of the verdict, as is required by section 342, Civil Code, or until a subsequent term.

Under this state of the record, nothing but the pleadings and the judgment can be considered on the appeal. This precise question has been so decided by this court in many cases, the more recent of which are: Pleasure Ridge Distillery v. Commonwealth, 193 Ky. 430; Whitmer v. Cardwell, 194 Ky. 351. In the last named case we reviewed and in effect overruled several cases upon which appellant now relies, in so far as expressions are found therein indicating that a directed verdict, or any other alleged error occurring upon a jury trial, can be brought into review in this court, that was not called to the attention of the trial court by a motion for a new trial. It is therefore unnecessary to again review these cases and restate our reasons for so holding.

Not only as we have seen did the plaintiff fail to state a cause of action against the defendant coal company, but that defendant by answer traversed every allegation of the petition, including the alleged utterance by Glancey, or at all of the slanderous words. It is therefore clear that the pleadings support the judgment in favor of the coal company.

Wherefore the judgment as to the coal company is affirmed, but the judgment dismissing the petition against Glancey is reversed and the cause as to him is remanded for further proceedings.