## Board of Trustees of Fordsville Graded School District v. Oller.

### Same v. Rusher et al.

(Decided October 30, 1928.)

### Appeals from Ohio Circuit Court.

1. Statutes.—Acts 1926, c. 79, entitled "An act repealing section 4465b, Kentucky Statutes, Carroll's Edition 1915, . . . relating to the manner of electing board members in graded school districts, and enacting in lieu thereof the following providing for such elections by secret ballot," held not invalid because there is no such section as 4465b, since, disregarding typographical error, title plainly expresses subject of act and all provisions of act relate to this subject.

2. Schools and School Districts.—Under Ky. Stats., sec. 4471, vacancies in the board of trustees in graded school districts must be filled by election, and board has authority only to fill vacancies for unexpired terms until next regular election.

3. Parties.—Under Civil Code of Practice, sec. 92, providing that special demurrer is objection to pleading showing, among other things, that there is defect of parties, objection that there is misjoinder of plaintiffs is not an objection for defect of parties, and such objection must be raised by motion to strike or by motion to require election in whose name action should proceed.

4. Elections.—Candidate's failure to file his expense account as required by statute, if sought to be relied on as ground for counter contest, should be pleaded.

5. Pleading.—Traverse that candidate's expense account was filed as provided by law raised no issue of fact, but was merely a conclusion of law.

6. Elections.—Where clerk of election testified that he kept ballot box until he turned it over to secretary of board of trustees of graded school district, and secretary of board testified that he kept it until he turned it over to officer of court, and there was no evidence tending to show ballot box had been tampered with in any way or that opportunity therefor had been afforded, it was not error for circuit court in election contest to open ballot box and count ballots, as against objection that there was not sufficient evidence that ballots had been duly preserved.

7. Elections.—In election contest, as in other cases, first object of court is to get at the truth, and it will not be presumed that officers have failed to do their duty without some evidence.

HERMAN BIRKHEAD and GLOVER H. CARY for appellants.

KIRK & BARTLETT and HEAVRIN, MARTIN & HEAVRIN for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

These two cases, which grew out of the same facts and were heard together by the circuit court, will be disposed of in one opinion. They involve the office of trustee of the Fordsville graded school district in Ohio county. On the first Saturday in May, 1924, A. W. Johnson was elected a member of the board of trustees for a term of three years, which expired on the first Saturday in May, 1927, but no election was held in May, 1927, and Johnson held over. Herbert Graham duly filed his petition to fill out the unexpired term of two years. R. A. Westerfield was elected a member of the board on the first Saturday in May, 1926, for a full term of three years, expiring in May, 1929. Westerfield resigned. The board filled the vacancy by appointment. Arnold Rusher duly filed his petition as a candidate to fill out the unexpired term of R. A. Westerfield.

The terms of two members of the board, who were elected in 1925, expired in May, 1928. L. V. Oller, R. J. Roberts, A. W. Johnson, and G. G. Lanham, duly filed petitions as candidates for these places. The clerk placed all six names on the ballot, and printed at the head of the ballot these words: "Vote for four." But the school board was of the opinion that the board had authority

to fill the vacancies, and that only two trustees were to be elected; that is, two for a full term of three years. They so instructed the election officers, and the election officers, when they came to count the ballots, threw out all the ballots voted for more than two persons and thus found appellants A. W. Johnson and G. G. Lanham to be duly elected. These suits followed. The circuit court, after hearing the evidence, opened the ballot box and counted the ballots and entered a judgment in favor of the plaintiffs. The defendants appeal.

The first question made on the appeal is that the act approved March 20, 1926, is invalid. See Acts 1926, p. 273. The title of the act is in these words:

"An act repealing section 4465b, Kentucky Statutes, Carroll's Edition 1915, Baldwin's Supplement 1918, relating to the manner of election of board members in graded school districts, and enacting in lieu thereof the following providing for such elections by secret ballot."

There is no such section of the Kentucky Statutes, Carroll's edition 1915, as 4465b. But, if we disregard this typographical error, the other words of the title plainly express the subject of the act, and all the provisions of the act relate to this subject, the election of these trustees by ballot. No one reading the title of the act could be misled by the error in giving the number of the section. The title clearly indicated the subject of the act, and it is not therefore invalid.

Section 4471 Kentucky Statutes, among other things provides:

"If at any time there should be a vacancy in said board, the same shall be filled by election of the remaining members, and the person elected to fill such vacancy shall hold his office until the next regular election, when his successor shall be elected to fill out the unexpired term."

It is clear therefore that the vacancies in the board should have been filled by election and that the board had authority only to fill the vacancy until the next regular election.

One of the actions was brought jointly by L. V. Oller and Jasper Roberts. The other was brought by Arnold Rusher and Herbert Graham jointly. The defendants in

each case demurred to the petition, for a defect of parties. The demurrer was overruled, and of this they complain. Section 92 of the Code provides that a special demurrer is an objection to a pleading, which shows, among other things, "that there is a defect of parties, plaintiff or defendant." The objection that there is a misjoinder of plaintiffs is not an objection for defect of parties. The objection that there is a misjoinder of plaintiffs must be raised by a motion to strike or by motion to require an election in whose name the action should proceed. This was held in Dean v. English, 18 B. Mon. 132, and the rule has since been maintained. Yeates v. Walker, 1 Duv. 84; L. & N. R. R. v. Mitchell, 162 Ky. 253, 172 S. W. 527; Young v. Northeast Coal Co., 194 Ky. 520, 240 S. W. 56.

It is insisted that appellees did not duly file election expense accounts. But this objection was not sufficiently pleaded by appellants. Where a candidate fails to file his expense account as provided by the statute, this is a ground of contest, and, if appellants desire to rely on this ground for a counter contest they should have so pleaded it. Craft v. Davidson, 189 Ky. 387, 224 S. W. 1082. This they did not do. The traverse that the expense account was filed as provided by law raised no issue of fact, because this is purely a conclusion of law.

Lastly, it is insisted that the court erred in opening the ballot boxes and counting the ballots, because there was not sufficient evidence that they had been duly preserved. But the clerk of the election testifies that he kept the ballot box until he turned it over to the secretary of the board and the secretary of the board testified that he kept it until he turned it over to the officer of the court, and there was no evidence tending to show that it had been tampered with in any way or that any opportunity for this had been afforded. There was therefore no error in this respect. In election contests, as in other cases, the first object of the court is to get at the truth, and it will not be presumed that officers have failed to do their duty without some evidence. The count made by the court is clearly right, as shown by the proof, and the judgment of the court carries into effect the will of the voters as expressed at the polls. This conclusion makes it unnecessary for the court to pass on the motion of the appellees to dismiss the appeal on the ground that a proper bond was not given and that the record was not

filed in time, as a ruling on this question would not affect the rights of the parties, since the court reaches the conclusion that the judgment in any event should not be disturbed.

Judgment affirmed.