# Hardrick v. Southeastern Greyhound Lines, Inc.

February 13, 1948.

Roscoe Conkling, Judge.

Louis C. Taylor for appellant.

Robert P. Hobson and Rodman Keenon for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Appellant, Nathaniel H. Hardrick, as plaintiff below, filed this action seeking damages from appellee. In his petition he alleges that he purchased a ticket on January 6, 1946, from Lexington to Louisville; that he boarded the bus at Lexington and took a seat in the third row from the back where he continued to sit until the bus reached Versailles; that after reaching Versailles the operator of the bus ordered and demanded him to move from the seat which he was occupying to the last row of seats in the rear of the bus; that when he refused to move the operator then and there abused and assaulted him; that after plaintiff persisted in his refusal to move, the operator then summoned the aid of two policemen to assist in enforcing the removal; that the operator of the bus against plaintiff's will and con-

sent detained him and deprived him of his liberty; and that because of the conduct of the operator and policemen he was mortified, humiliated, and frightened, and that by reason thereof he suffered and will continue to suffer great physical pain and mental anguish. He sought to recover $5,000 compensatory damage, $3,000 punitive damages, $100 for medical services, $200 for loss of time, and $600 permanent disability.

Appellee denied the material allegations of the petition and pleaded as a defense the adopted rules and regulations of the carrier authorizing the operator of the bus to seat the passengers; and that in conformity with this rule the driver requested appellant to move his seat, and upon his refusal so to do the operator procured such assistance as was necessary in order to compel appellant's compliance with the regulation.

Upon trial the jury found for the defendant. Plaintiff prosecutes this appeal.

Appellant contends that the court erred in not permitting him to file an amended and supplemental petition, which was offered and to which appellee objected; that the court erred in admitting incompetent testimony prejudicial to the rights of the appellant; and that the court erred in its instruction to the jury, and in refusing the instruction submitted by appellant.

We will discuss first the tendered amended petition wherein it is alleged that the operator's demand that plaintiff remove from the seat which he occupied to the rear of the bus, and the abuse and assault complained of, was caused and brought about and due to a policy of discrimination and unreasonableness against the race, creed and color of the plaintiff. It will be noted that this amended petition was offered during the progress of the trial. Significant is the fact that appellant did not include this alleged error in his motion and grounds for new trial, and not having given the court below a chance to act on it, he cannot raise the question here. Specific errors must be specifically set out in motion and grounds for new trial. See Brown v. Union Packing Co., Inc., 229 Ky. 198, 16 S. W. 2d 1024; and Engleman v. Caldwell & Jones, 243 Ky. 23, 47 S. W. 2d 971.

Since appellant admits in his brief that the rules and regulations of the appellee, Southeastern Greyhound Lines, Inc., relative to their authority to seat passengers, were reasonable, we must then consider whether or not appellee exercised this authority in an arbitrary, unreasonable, or discriminatory manner, and under the evidence whether or not the matter was properly submitted to a jury under proper instructions.

Appellant cites Brumfield v. Consolidated Coach Corporation, 240 Ky. 1, 40 S. W. 2d 356, in support of his position that although appellee's rules and regulations with reference to the seating of passengers are reasonable, there can be no justification for what appellant calls the arbitrary destruction of appellant's superior right as a passenger. It will be observed that the above case holds "the right of a passenger to be carried by a common carrier is superior to its rules and regulations which it has the power to make and this right of the passenger cannot be affected by them," but the case also holds that "the accommodations of the passengers while boarding the vehicle for transportation or being transported is subject to such rules and regulations as the carrier may deem proper to make, provided they are reasonable and apply generally to all alike and are of a permanent nature and are not made for particular occasions or emergencies." So, it will be seen that the gist of the rule laid down in the above case is that a carrier cannot by rule or regulation refuse to carry a passenger.

By admitting that appellee's rule with reference to seating passengers was reasonable, appellant concedes the issue on that point, leaving then the question as to whether or not the manner of effecting compliance with the rule was arbitrary and unreasonable. The testimony concerning this matter is conflicting. The plaintiff was supported by witnesses that the officers took hold of him and that abusive and threatening language was used. The defense produced testimony that nothing like this occurred.

Harold Jones, a colored soldier, stated that he was on the bus and sat next to the appellant. He stated that when the bus stopped in Versailles a number of colored people got off the bus and that while a number of

people were waiting on the outside to board the bus the driver came back and asked him (Jones) and the appellant to move back, and that appellant said he was not going to move; that the bus driver asked him a number of times to move and finally summoned aid, and that neither the bus driver nor the policemen who were summoned used threatening or abusive language. This was corroborated by several witnesses. Thus, we can see a clear conflict in testimony.

The court then submitted the case to the jury, including in the instructions the following:

"Now, if you believe from the evidence that at the time and place referred to herein, the driver of said bus, or the police called to his assistance, in requesting plaintiff to vacate the seat he was occupying and to take another seat designated by the driver, or in removing the plaintiff to such other seat, used abusive language toward the plaintiff, or assaulted him, as defined in Instruction No. 2, in an attempt to carry out the bus driver's request to the plaintiff to move, and the plaintiff, Nathaniel Hardrick, was thereby injured or he was thereby intimidated, humiliated and embarrassed in his feelings, then the law is for the plaintiff, Nathaniel Hardrick, and you will so find.

"But unless you so believe from the evidence, then the law is for the defendant, Southeastern Greyhound Lines, and you will so find."

The above obviously submitted to the jury the real issue in the case.

It appears that the offered instruction of appellant is almost parallel with the instruction given, with the exception that in the offered instruction there was one on priority of seating, and another going to the matter of making no discrimination between persons applying for passage on account of race or color. The court properly refused the offered instruction of plaintiff because those questions were not in issue, the amended petition having been rejected. Under the above facts the jury found for the defendant.

In his brief appellant contends that the court erred in admitting incompetent testimony and in refusing to admit competent and relevant evidence offered by the

appellant, which prejudiced the rights of appellant. Nowhere does appellant specifically or particularly in his brief point out which testimony he refers to. There is no avowal as to what any witness would testify if permitted so to do. We have gone carefully through the record and can find nothing to support appellant in this contention.

In the absence then of error on the part of the court, the verdict, based upon conflicting evidence, is a prerogative of the jury which we cannot disturb.

Wherefore, the judgment is affirmed.