## Kesselring et al. v. Wakefield Realty Co., Inc.

February 27, 1948.

W. Scott Miller, Judge.

Samuel Steinfeld and Andrew Hyman for appellants.

C. Maxwell Brown for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appellee's petition, as amended, against the members of the Louisville and Jefferson County Planning and Zoning Commission, states that it had submitted a proposed plan of a subdivision, called Fairmeade, to the defendant for its approval. It was denied be-

cause the plan did not conform to a regulation which requires the construction of curbs and guttering where the average lot frontage is less than 100 feet. It is stated that the proposed plan had been designed and prepared by competent engineers, who had deemed "valley gutters" as the "proper, practicable and most serviceable means and method of disposing of surface waters of plaintiff's land considering the topography of the land and its condition for surface water drainage; that the engineers of the defendants, and their engineering consultants recommend installation of valley gutters in said subdivision, as proposed." Certain factual conditions are described.

It is charged in the petition that a strict application of the defendant's rule requiring the construction of gutters would cause a peculiar and exceptional hardship and difficulty; that the action of the Commission in denying approval of plaintiff's plan is arbitrary and unreasonable, and that a strict application in this instance is "contrary to the promotion of public health, safety welfare and morals." It is further averred that since the adoption of the regulation the Commission has approved plans for certain other named subdivisions without having required conformity with the rule. The petition charges that the plaintiff had been denied a hearing on appeal by the Board of Adjustment and Appeals, as provided in the statutes. KRS 100.079, 100.081, 100.-082. The plaintiff, therefore, sought a declaration of rights favorable to its contentions and an injunction requiring the Commission to approve its proposed plan.

On the issues joined the court heard the evidence of the witnesses in person. The court found the action of the Commission to be arbitrary and unreasonable and rendered a judgment granting the plaintiff the relief asked, from which this appeal is prosecuted.

The transcript of evidence bearing the signature of the Judge approving it was sent up with the record on appeal. This transcript had never been filed of record in the trial court and cannot be regarded as a bill of exceptions. That is the manner prescribed by the Code and general appellate practice for the presentation of evidence in this court unless it was submitted by depositions which were filed of record. Section 335, Civil Code

of Practice; Asher v. Nuckols, 253 Ky. 223, 69 S. W. 2d 331. When a motion had been made to strike the transcript from the record, the appellant sought to have the trial court approve a bill, but that court had no jurisdiction, since the case was pending in the Court of Appeals. The result was that the motion to strike the transcript was sustained.

Therefore, we have only the question of whether the pleadings support the judgment. They do.

The judgment is affirmed.