# Norfolk & W. Ry. Co. v. Blevins.
# Norfolk & W. Ry. Co. v. Parsley.

April 29, 1949.

Rehearing denied June 17, 1949.

McCoy & McCoy for appellant.

Jasper H. Preece for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

While these two cases were tried separately in the circuit court, they were consolidated here and both will be disposed of in this opinion. Both appellees were passengers in a car driven by Mrs. Wiley Bailey when it was struck by a train of appellant on a public crossing in or near the town of Warfield on the afternoon of June 10, 1946, and each suffered personal injuries in the accident. These are companion cases to Norfolk

& Western Railway Co. v. Bailey, 307 Ky. 386, 211 S. W. 2d 154, as all three arose out of the same accident.

Mrs. Parsley recovered judgment for $1800 and Mrs. Bailey for $500. In each case the Company seeks to reverse the judgment because the court erred in not directing a verdict in its favor because (a) appellee was guilty of contributory negligence as a matter of law, and (b) the negligence of the driver of the automobile was the sole cause of the accident. It is further urged that the court erred in admitting incompetent evidence, and that the pleadings did not warrant the submission of the cases to the jury on the question of appellant's negligence in the maintenance of the crossing.

At the outset in the Blevins case we are met with the fact that the record contains no order filing a bill of exceptions. The order overruling the motion for a new trial recites that the Company was allowed until the tenth day of the September 1947 term to file a bill of exceptions. There are two volumes of evidence approved and signed by the judge headed "Bill of Exceptions," but there is no order filing and making same a part of the record. The rule is unbroken and of long standing that for a bill of exceptions to become a part of the record, so as to be entitled to consideration on appeal, it must be filed by an order of the trial court. Kentucky Lodge IOOF v. White, 5 Ky. Law Rep. 766; Nuckols v. Illinois Cent. R. Co., 227 Ky. 836, 14 S. W. 2d 157; Kesselring v. Wakefield Realty Co., 306 Ky. 725, 209 S. W. 2d 63.

Since the evidence is not before us on a bill of exceptions, the only question left for our consideration is whether or not the pleadings support the judgment. Cornett v. Maloney, 272 Ky. 839, 115 S. W. 2d 305. The petition avers that Mrs. Blevins suffered personal injuries by reason of the Company's negligence in the operation of its train to the amount of $3000. The answer was a traverse followed by the affirmative allegation that the accident was caused by the negligence of the driver of the automobile. By agreement the affirmative averments in the answer were traversed of record. It is patent that the pleadings do support the judgment and it is affirmed.

In the Parsley case there is a bill of exceptions pro-

perly made a part of the record by an order duly filing the same. But unfortunately for the Company, no motion for a new trial appears in the record. There is an order filing a motion for a new trial, but as no such motion is in the record we do not know what grounds it contained. Our decisions are numerous in support of the rule that any error occurring during the trial must be incorporated in the motion for a new trial, otherwise this court cannot consider it. Civil Code Practice. secs. 340 and 342; McLain v. Dibble & Co., 76 Ky. 297; Young v. North East Coal Co., 194 Ky. 520, 240 S. W. 56; Thompson's Adm'r v. First National Bk. of Harrodsburg, 234 Ky. 252, 27 S. W. 2d 978; Hardrick v. Southeastern Greyhound Lines, 306 Ky. 579, 208 S. W. 2d 733. It is apparent that with no motion for a new trial in the record we cannot determine what errors appellant complains occurred during the progress of the trial. Under this state of the record, the only thing left for our consideration is whether or not the pleadings support the judgment. The Young case, 194 Ky. 520, 240 S. W. 56, and authorities therein cited.

The petition in the Parsley case asked a recovery of $2950, otherwise it is substantially the same as that in the Blevins case, as is the answer. A reply denied the affirmative averments in the answer. Hence, it is apparent that the pleadings support the judgment and it is affirmed.

Even a cursory examination of the clerk's records in these two cases would have shown that no bill of exceptions was filed in the Blevins case and that no motion for a new trial was filed in the Parsley case, as the index in the former shows no order filing the bill, and the index in the latter shows no motion for a new trial.

For the reasons given, the judgment in each case is affirmed.