## GRAVES v. SOUTHEASTERN FLY CONTROL CO. et al.

Court of Appeals of Kentucky.

Feb. 27, 1953.

Clem F. Kelly and John M. Kelly, Lexington, for appellant.

Clay & Rosenbaum, Lexington, for appellees.

DUNCAN, Justice.

This appeal is from a judgment sustaining a special demurrer and dismissing appellant's petition as against certain defendants named therein.

The action was filed by David C. Graves, Jr., who sues individually and in behalf of and as majority stockholder of Southeastern Fly Control Company, a Kentucky corporation, against Southeastern Fly Control Company, Kentucky Chemical and Supply Company, Continental Trading Company, Southeastern Distributing Company, Sam J. Campbell, Thomas R. Herndon, Edna B. Campbell, Robert C. Bottom, Dora A. Ballard, James L. Clay, and Elwood Rosenbaum. The special demurrer was sustained and the petition dismissed as against all defendants except Sam J. Campbell and Southeastern Fly Control Company. The lower court, in sustaining the special demurrer, recited in its order that the released parties were not proper party defendants.

Briefly summarized, the petition charges that the plaintiff is an officer and majority

stockholder of Southeastern Fly Control Company and that the defendants, Sam J. Campbell and Edna B. Campbell, are its other officers and that it would be impossible to secure consent of the directors to the filing of the suit in the corporate name. It was charged that the corportation had acquired valuable franchise rights to market in certain States a patented device for the control and eradication of insects and that it had obtained orders and collected funds from purchasers of the device within the States comprising its area of operation. It was alleged that the defendant, Sam J. Campbell, in violation of his duties as director and officer, had connived with the other individual defendants to deprive the Southeastern Fly Control Company of its franchise rights, business and business opportunities, and pursuant to a common plan or scheme had organized and was then in control of the other corporate defendants, through which the franchise rights and business of Southeastern Fly Control Company were usurped. It was further charged that all of the defendant corporations other than the Southeastern Fly Control Company are controlled by the defendant, Sam J. Campbell, and have interlocking directorates and mingled assets and are in fact one corporate entity serving as a corporate veil to conceal the activities of Sam J. Campbell and the other individual defendants in usurping the rights and business of Southeastern Fly Control Company. The relief sought is an accounting and recovery of assets and profits.

■ There can be no question concerning the right of plaintiff, under the circumstances recited, to maintain an action on behalf of Southeastern Fly Control Company to recover damages sustained by the corporation on account of the mismanagement or misconduct of its director or officer. The action may be maintained either at law or in equity, the only practical distinction being that at law the director or officer charged is regarded as an agent, while in equity he is regarded as a trustee of the corporation. 13 Am.Jur. 966, Section 1014, Corporations. The narrow question presented is whether or not other persons who join or conspire with a director or officer in a breach of his fiduciary duty to a corporation may be properly joined as defendants. No direct authority is found in Kentucky.

■ As a preliminary proposition, it may be observed that a special demurrer does not reach the question presented. Section 92, subsection 4, Civil Code of Practice, provides that one of the grounds for a special demurrer is a defect of parties, plaintiff or defendant. Even if we assume that the discharged defendants were improperly joined, it is at most a misjoinder or surplusage of parties as distinguished from a defect of parties, which is an absence of a party or parties who ought to be joined with the party of record. 39 Am.Jur. 993, Section 118, Parties. Young v. North East Coal Co., 194 Ky. 520, 240 S.W. 56. The proper motion to reach an excess or surplusage of parties is a motion to strike. However, we have decided not to turn the disposition of this appeal on the highly technical procedural distinction. To do so would require us on a subsequent appeal to determine the identical question which we can proprly decide at this time.

■ Without deciding the question of the specific relief which may be granted against persons charged to have conspired or participated with a director or officer in a breach of duty or corrupt conduct toward a corporation which he represents, we think such participants may be properly joined as defendants in an action against the director or officer. In some cases, they may be considered necessary as well as proper parties. In 18 C.J.S., Corporations, § 527, page 1211, the rule is stated as follows:

"All persons who are materially interested in the subject matter and whose rights will be affected by the relief sought must be made parties. Also, persons who participated in the wrongful acts charged may be made parties, even though no specific relief is asked against them. Indeed where it appears that the real matters of complaint are the alleged misconduct of the officers, and that the suit is at least in part against them, they must be joined as defendants."

Appellees' brief is devoted exclusively to the argument that the petition does not state a cause of action. That question is reached only by a general demurrer, and we have carefully avoided considering the sufficiency of the petition as tested by a general demurrer. That question is not presently before us.

We think the special demurrer was improperly sustained, and the judgment is reversed for proceedings consistent with this opinion.